# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV-15-134-RAW-KEW |
| MIKE ADDISON, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC), filed this action captioned "Post Conviction Relief Under 2241 Motion of Habeus [sic] Corpus for Sending Me to a Private Prison." (Dkt. 1). He has failed to provide his criminal case number or any dates associated with the incidents of which he complains. A review of the DOC website at http://www.ok.gov/doc, and the Oklahoma State Courts Network at http://www.oscn.net, however, shows he was convicted on March 30, 2011, in Oklahoma County District Court Case No. CF-2010-7695.

Petitioner is seeking to have his conviction and sentence vacated and to be released from custody. (Dkt. 1 at 1, 13). He raises five grounds for habeas relief: (1) ineffective assistance of counsel, (2) due process, (3) cruel and unusual punishment, (4) right to not self-incriminate, and (5) freedom of speech. (Dkt. 1 at 3).[1]

Petitioner also complains that after his sentencing, he was placed into the county jail overflow for 40 days, in violation of Oklahoma law. He then was transferred to the Lawton

---

[1] Petitioner acknowledges the petition is untimely, but asserts the statute of limitations should be equitably tolled because of his lack of access to the courts. (Dkt. 1 at 2).

Correctional Facility, a private prison in Lawton, Oklahoma, where he was incarcerated for almost nine months. He asserts his incarceration in a non-DOC facility violated the Oklahoma Constitution. Petitioner next was moved to Joseph Harp Correctional Center in Lexington, Oklahoma, allegedly because that facility was seeking individuals for telemarketing.

Construing petitioner's allegations liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), the court finds he has included civil rights claims with his habeas corpus claims. For example, his allegations concerning his cell partner in the Oklahoma County Jail and his access to a telephone in jail clearly fall into the category of the conditions of his confinement and cannot be considered in a habeas action. Such claims must be presented in a civil rights complaint pursuant to 42 U.S.C. § 1983.

After careful review, the court finds petitioner's habeas corpus claims arise under the authority of 28 U.S.C. § 2254, because he is attacking his conviction and sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Because petitioner was convicted and sentenced in a state court located in the territorial jurisdiction of the United States District Court for the Western District of Oklahoma, the court finds this matter may be more properly addressed in that district. Therefore, plaintiff's habeas corpus claims are dismissed without prejudice. He can obtain the forms for filing a proper § 2254 habeas corpus petition from the Clerk of the Western District Court.

As for petitioner's claims about the conditions of his confinement, his petition alleges those incidents also arose in the Western District of Oklahoma. Therefore, proper venue does not lie in this district, *see* 28 U.S.C. § 1391(b), and his civil rights claims are dismissed without prejudice pursuant to 28 U.S.C. § 1406(a). The proper forms for filing a civil rights

complaint pursuant to 42 U.S.C. § 1983 also are available from the Clerk of the Western District of Oklahoma.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE in its entirety.

**IT IS SO ORDERED** this 14th day of May 2015.

**Dated this 14th day of May, 2015.**

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma